IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Darry Wayne Hanna,

    PETITIONER

v.

United States of America,

    RESPONDENT

Crim. No. 4:06-cr-00828-TLW
C/A No. 4:10-cv-70296-TLW

**Order**

This matter comes before the Court for consideration of the *pro se* motion for relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure filed by Petitioner Darry Wayne Hanna. For the reasons stated below, the motion is denied.

Petitioner was convicted at trial of one count of conspiracy to commit mail fraud and wire fraud, nineteen substantive counts of mail fraud, and two substantive counts of wire fraud, all of which arose from a conspiracy between Petitioner and his brother to kill his brother's wife in order to collect life insurance proceeds. He was sentenced to a total of 440 years imprisonment, consisting of 20 years consecutive on each count. He filed a direct appeal and the Fourth Circuit affirmed. *United States v. Hanna*, 353 F. App'x 806 (4th Cir. 2009).

Petitioner timely filed a § 2255 petition, and after briefing, the Court denied the petition on July 12, 2012 without holding a hearing. He filed a direct appeal and the Fourth Circuit affirmed on July 10, 2013. *United States v. Hanna*, 532 F. App'x 367 (4th Cir. 2013).

On January 14, 2015, about 30 months after this Court denied his § 2255 petition and about 18 months after the Fourth Circuit affirmed that denial, he filed the instant motion under Rule 60(b)(4), seeking to vacate this Court's order on his § 2255 petition. He asserts that this Court violated his due process rights by failing to hold an evidentiary hearing on his petition.

1

Rule 60(b)(4) allows a district court to grant relief from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). If the basis for relief asserted in a Rule 60(b) motion could have been raised on appeal, the motion must be denied as "an inappropriate substitute for an appeal." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011); *see also Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) ("It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal."); *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may not substitute for a timely appeal."). Additionally, a motion under Rule 60(b)(4) must be made within "a reasonable time." Fed. R. Civ. P. 60(c)(1).

The Court concludes that Petitioner's motion was not made within a reasonable time. As noted above, this motion was filed about 30 months after this Court denied his § 2255 petition and about 18 months after the Fourth Circuit affirmed that denial. Of course, the fact that the petition was denied without a hearing was known to him as soon as he received the Court's order. Accordingly, the Court concludes that his motion was not timely filed. *See, e.g.*, *Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 368 (4th Cir. 2008) (concluding that an almost-two-year delay in filing a Rule 60(b)(4) motion was not reasonable); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177–78 (10th Cir. 2005) (affirming district court's conclusion that an almost-one-year delay was not reasonable) *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (affirming district court's conclusion that a three-month delay was not reasonable).

Furthermore, even if Petitioner's motion was not time-barred, it would be procedurally barred because the issue he raises in his Rule 60 motion—the propriety of this Court's decision not to hold an evidentiary hearing on his § 2255 petition—was litigated on direct appeal. He

raised the issue repeatedly in his brief.  *See* Pet'r's Informal Opening Br., Case No. 12-7271, ECF No. 19 at 21, 24, 26, 30, 32–33, 35, 38, 41, 43, 46, 49.  However, the Fourth Circuit "thoroughly reviewed the record and [found] no reversible error," and therefore "affirm[ed] for the reasons stated by the district court."  Because he has already raised the issue with the Fourth Circuit and that court found no reversible error, he is barred from re-litigating the issue in this Court through the gloss of Rule 60.

For these reasons, Petitioner's Rule 60(b)(4) motion, ECF No. 182, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

July 10, 2015
Columbia, South Carolina