UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Case No. 4:06-cr-00828-TLW |
| v. | **Order** |
| Darry Wayne Hanna | |

This matter is before the Court on Defendant Darry Hanna's *pro se* motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 199. For the reasons set forth below, his motion is denied.

## BACKGROUND

On August 9, 2006, Hanna was convicted of one count of conspiracy to commit mail fraud and wire fraud, nineteen substantive counts of mail fraud, and two substantive counts of wire fraud. ECF No. 96. Hanna and his brother, Davy Hanna, conspired to murder Davy Hanna's wife, Teresa Hanna, in an effort to collect life insurance proceeds totaling $276,000. On June 15, 2007, the Court sentenced Hanna to 440 years' imprisonment. ECF No. 108. Hanna appealed, and the Fourth Circuit affirmed the District Court. Hanna's sentence consisted of 20 years' imprisonment for each count to run consecutively. According to BOP records, Hanna is due for release from custody on May 24, 2381.

## APPLICABLE LAW

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

1

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission has issued a policy statement addressing compassionate release motions—§ 1B1.13. But prior to the passage of the First Step Act, compassionate release motions could only be filed by the BOP, so § 1B1.13 by its terms only applies to BOP motions. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020) (explaining the First Step Act's changes to the compassionate release statute). There is no corresponding policy statement addressing compassionate release motions filed by inmates. Thus, in *McCoy*, the Fourth Circuit held that, when considering an inmate's compassionate release motion, § 1B1.13 is not an "applicable policy statement[]." *Id.* at 284. But while § 1B1.13 may not directly apply to an inmate's motion, "it remains helpful guidance." *Id.* at 282 n. 7.

While § 1B1.13 may provide guidance, it is not an "applicable policy statement[]," so "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in original); *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). Ultimately, the determination of whether a case presents extraordinary and compelling reasons

warranting a sentence reduction is a question reserved to the sound discretion of the district court.

## DISCUSSION

In Defendant's motion, he states that a sentence reduction is warranted based on the "extraordinary" duration of his total sentence of 440 years' imprisonment. ECF No. 199 at 3. "Hanna submits that the current sentence is longer than necessary in this case to achieve the objectives that a sentence be sufficient but not greater than necessary to achieve the goals of sentencing as spelled out in 18 U.S.C. § 3582." *See id*. Additionally, Defendant states that his record of rehabilitation "can be considered extraordinary." *Id.* at 6.

The Government opposes his motion, arguing that "Defendant has failed to present 'extraordinary and compelling reasons' warranting a sentence reduction" and that "the Defendant still poses a significant danger to the safety of the community, and the 3553(a) factors strongly weigh against release." ECF No. 207 at 7, 10. In support of its argument, the Government notes that "Defendant has not identified any medical condition on the CDC's list of risk factors, or indeed any chronic medical ailment." *Id.* at 10.

In the Defendant's Reply, he reiterates the rehabilitative efforts he has undertaken while in BOP custody in arguing that the Court should consider them "extraordinary" in conjunction with other factors. ECF No. 208 at 9. Defendant further asserts he is no longer a danger to the community and concedes that he "made some irrational and irresponsible decisions in [his] life. . . many years ago" and that

3

he "understands that he deserved a significant sentence." *See id.* at 3. Finally, Defendant points out that the Government "made no mention of rehabilitation by Hanna being an extraordinary and compelling reason to reduce the sentence in this case." *Id.* at 8.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report (PSR) which outlines the evidence presented at trial, and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, all of the § 3553(a) factors, and his post-sentencing conduct.[1] In light of those considerations, the Court concludes that Defendant has not shown that "extraordinary and compelling reasons" warrant a reduction or that the § 3553(a) factors weigh in favor of release. The Court's reasons for reaching this conclusion include (1) the absence of any medical condition or ailment presenting risk of severe illness and (2) the seriousness of the instant offense.

As to the "extraordinary and compelling reason" standard, the Court has considered all of the circumstances and arguments raised by Defendant and concludes that he has not established an "extraordinary and compelling reason" that warrants a sentence reduction. Defendant argues that his record of rehabilitation while incarcerated, as well as his age at the time he was charged with his federal offenses, are extraordinary reasons warranting a sentence reduction. ECF No. 199 at

---

[1] The Court has considered in its analysis all of the issues raised in Defendant's filings, including (1) the impact of COVID-19 at his facility; (2) the way that the BOP is managing the pandemic at its facilities; (3) his asserted medical conditions in light of COVID-19; (4) and the percentage of his sentence served and the time remaining.

4

6. However, Defendant has not identified or argued the existence of any medical or health condition enumerated on the CDC's list of risk factors that creates an extraordinary basis for relief. The Court takes note that BOP medical records reflect that Defendant received the COVID-19 vaccine in March 2021. ECF No. 207-1 at 1.

Even if Defendant had established an "extraordinary and compelling reason," the Court concludes that his motion would still be denied based on its analysis and balancing of the § 3553(a) factors. The Court has balanced those factors in light of the compassionate release issues not in play at the original sentencing. *Kibble* at 335 (Gregory, C.J., concurring).

In conjunction with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offense and Defendant's criminal history. The instant offense conduct is outlined in Paragraphs 26 – 57 of the PSR. The Court incorporates these paragraphs in this order by reference. The Court will not restate all of the facts related to the commission of a violent homicide to collect insurance proceeds but will highlight some of the more egregious details. Defendant was convicted of a serious offense—a conspiracy with his brother, the victim's husband, wherein he shot and killed his sister-in-law, Theresa Hanna, with a .22 caliber rifle for his brother so that he could collect insurance proceeds. ECF No. 2 at 7. Defendant's brother, Davy Hanna, who was married to the victim, "did not have a good relationship" with her. PSR ¶ 36. Testimony presented at trial showed that the victim was killed with a high powered .22 caliber rifle when she was shot multiple times in her head and chest. PSR ¶ 26. The presentence report states, "Teresa Hanna was killed with a micro-

grooved .22 caliber rifle . . . first shot in the forehead causing her to fall to the ground. There was a bullet injury to her right middle finger that occurred as the first shot was on its way to her forehead." PSR ¶ 28. This testimony at trial reflected that the victim was shot from close range. *See* PSR ¶ 28. "Theresa had gunshot residence on the fronts of both hands and the back of her left hand, which indicated that the barrel of the rifle on that first shot [to her head] was within one to five feet from her hands." *Id.* Defendant and his brother formed this conspiracy in attempt to collect approximately $276,000 in insurance proceeds from the murder of Theresa Hanna. PSR ¶ 58. Evidence at trial indicated the Defendant wanted the murder to appear to be a robbery as her "pocketbook was missing." PSR ¶ 28. After the murder, Defendant conspired with his brother, Davy Hanna, to commit wire and mail fraud to collect insurance proceeds with Defendant's brother the named beneficiary. *Id.* After the Court's review of Defendant's offense conduct, the Court concludes the "nature and circumstances of the offense" weigh against release.

While the Defendant does not have a lengthy criminal history prior to the instant offense, however, the crime committed—a planned and premeditated murder by shooting the victim at close range multiple times, with the first shot to her head—outweighs his law-abiding past.

As to §§ 3553(a)(3)-(4)—the kinds of sentences available and the sentencing range established for the offense—the Court notes that Defendant was sentenced pursuant to 5G1.2(d) that states the total aggregate sentence is 440 years. PSR ¶ 104. Paragraph 103 of the PSR states a total offense level of 45, with a guideline range of

6

life. As stated above, in light of the premeditated and callous nature of the instant offenses, the sentence imposed was necessary to reflect the seriousness of the offense and to protect the public from further crimes of the Defendant. The Court's § 3553(a) analysis counsels that release is not warranted, and Defendant must serve the sentence imposed.

The Court acknowledges Defendant's proposed release plan, and his rehabilitative efforts—including obtaining his GED, and successfully completing numerous programs including Anger Management, Fire Prevention, and Electrical Safety—are acknowledged. However, those factors do not warrant a reduction in light of the factors outlined above. The murder committed was extremely violent. The victim was the Defendant's sister-in-law who he knew well. It was a premeditated, planned, and violent homicide committed to recover insurance proceeds. Because Defendant failed to establish an "extraordinary and compelling reason" warranting a reduction, and in light of the seriousness of the instant offense, the Court concludes that the § 3553(a) factors weigh against release and a reduction in sentence is not appropriate. Accordingly, his compassionate release motion, ECF No. 199, is

**DENIED**.[2][3]

       **IT IS SO ORDERED.**

                                         *s/ Terry L. Wooten*
                                         Terry L. Wooten
                                         Senior United States District Judge

April 8, 2022
Columbia, South Carolina

---

[2] To the extent he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court does not have discretion to issue such an order. *See, e.g.*, *United States v. Hendrix*, No. 1:10-cr-00067-MR-WCM-2, 2020 WL 2319698, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General. The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this." (citations omitted)).

[3] The Court has given careful and full consideration to the Fourth Circuit's recent per curiam opinion in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the concurring opinions, and has applied those standards in considering this motion. It has also reviewed the Fourth Circuit's recent decision in *United States v. High*, 2021 WL 1823280 (4th Cir. May 7, 2021) and has similarly applied those standards.

8